## Lyon & Healy, Plaintiff in Error, v. John S. Baxter, Defendant in Error.

### Gen. No. 20,244.

INTEREST, § 2*—*when refusal to allow erroneous.* Refusal of the trial court to allow interest on a note which, by its terms, bore interest from date, *held* erroneous.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Reversed with judgment in this court. Opinion filed April 26, 1915.

CHARLES S. KNUDSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit in the Municipal Court against the defendant, John S. Baxter, on the following instrument:

"$945.00                    Chicago, Ill., Jan. 14, 1910.

For value received, we promise to pay to the order of Lyon & Healy, at their office in Chicago, Ill., with current exchange and with interest from date at the rate of six per cent per annum, the full sum of Nine Hundred Forty-five Dollars, payable in installments as follows: The sum of Thirty dollars on the 14th day of February, 1910, and a like sum on the 14th day of each month thereafter; the last installment becoming due on the 14th day of September, 1912; and if any installment be not paid when due, then at the option of the holder of this note all unpaid installments shall become at once due and payable. This note is secured by chattel mortgage.

John S. Baxter,
Agney B. Baxter."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The only matter in dispute was whether defendant was obligated to pay interest; the amount of interest is not in controversy. By his affidavit of defense defendant alleged a verbal agreement that he was not to pay interest, and upon the trial testified to such an agreement made with a salesman of the plaintiff. Defendant can read and write perfectly, is a man of intelligence, and understood that he was signing a promissory note. Subsequently the trial court held that parol evidence was inadmissible to contradict or vary the terms of the instrument, and prepared and marked "held" the following proposition:

"The court decides this question upon the language of the note itself and the evidence as to the manner of payment with no reference to conversations between the parties before the note was executed."

He then found the issues for the defendant and against the plaintiff.

Defendant does not appear in this court to suggest any construction of the language of the note or anything concerning the manner of payment which would relieve him from the obligation to pay interest. We are not informed as to the particular considerations which led the trial court to hold as he did. After examining the instrument in question no sufficient reason occurs to us for holding inoperative the promissory provision to pay "interest from date at the rate of six per cent per annum." We must therefore reverse the judgment, and as there is no controversy over the amount, judgment will be entered in this court for the plaintiff for the amount of interest claimed from the defendant.

*Reversed with judgment in this court.*